BARHAM, Justice
(dissenting).
I must respectfully dissent from the court’s quashing of the bill of information. I am, however, of the opinion that, as shown by several bills of exception, inflammatory and highly prejudicial evidence was admitted which was totally irrelevant and totally inadmissible, and that this constitutes reversible error.
I disagree with the majority’s holding that the bill of information was fatally defective. The majority under this holding has returned to the requirement that the crime must be charged “in the language of the statute”. The articles of our present Code of Criminal Procedure dealing with indictment were designed to put at rest once and for all this court’s erroneous holdings under Article 227 of our 1928 Code of Criminal Procedure. Comment (b) under our present Article 464 states: “ * * * Further, this article makes no provision with respect to the indictment following the language of the statute, and thus eliminates a provision that created uncertainty under Art. 227 of the 1928 Code.”
The offense for which the defendant was tried, aggravated arson, is defined by R.S. 14:51 as follows:
“Aggravated arson is the intentional damaging by any explosive substance or the setting fire to any structure, water craft, or movable, whereby it is foreseeable that human life might be endangered.
R.S. 14:2 says that “ ‘Foreseeable’ refers to that which ordinarily would be anticipated by a human being of average reasonable intelligence and perception”.
*573 The information charges that the defendant and another named person “did violate R.S. 14:51 in that they intentionally damaged a structure known as Scenic Highway Lumber Company, located at 7890 Scenic Highway, Baton Rouge, Louisiana', the property of another by setting fire to said structure, whereby human life was endangered. * * * ”
After stating that the information is defective for lack of alleging “foreseeability” as opposed to alleging that human life was in fact in danger, the majority makes the following statement which is the error of its determination:
“ * * * The foreseeability or anticipation by the accused of that circumstance constitutes the gravamen of the offense. Indeed, it might be analogized to the necessity for alleging a special intent in those crimes when that is an element of the offense.” (Emphasis here and elsewhere has been supplied.)
First, foreseeability is not to be determined by a subjective test. Foreseeability is determined by the objective “reasonable man” test. Foreseeability, then, is not comparable to specific intent; rather it is comparable to general intent. Specific criminal intent is determined by the subjective test of what was in the mind of the offender. General intent is ascertained by the objective test that ordinary human experience would have dictated under the circumstances that the criminal consequences would be a natural result of the act. It is not necessary to allege general intent in a hill of information, although it is necessary to allege specific intent when it is an ingredient of the crime charged. Code of Criminal Procedure Article 472 states: “In offenses requiring only general criminal intent, the indictment need not allege that the act was intentionally done.” Comment (a) states in part: “ * * * In short, the normal mens rea of general criminal intent need not be specifically stated. On the other hand, some offenses require a specific intent or knowledge, or predicate liability on criminal negligence. In charging these offenses, the indictment, following the general rule of Art. 464, must state the special mental element of the crime.”
Just as the lack of general criminal intent is a defense to crimes where only general intent is required, lack of foreseeability is a defense where it is an element of the crime. This does not mean that the indictment must allege foreseeability. Foreseeability is not contemplated as an essential fact constituting the offense under Code of Criminal Procedure Article 464.
I regret that holding here, more for what it may portend, and that is that this court will retrogress to the rule requiring compliance with technicalities in indictments even to the point of tracking the exact language of the statute. The defendant here was adequately informed of the *575 offense charged and of the gravity of that offense. The facts which gave rise to the charge are alleged, the law violated is sufficiently stated, and the statute violated is cited.
I respectfully dissent from the ruling quashing the bill of information. I would annul the conviction and sentence for reversible error on the trial and remand for a new trial.